UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| ROBERT SETH LABREAU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:26-CV-53-CRW |
| | ) | |
| ROBERT KEITH BASS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff, an inmate incarcerated in the Sullivan County Jail, filed a pro se complaint for violation of 42 U.S.C. § 1983 that proceeded as to his equal protection claim against Defendant Bass [Doc. 7]. Defendant has filed a motion to dismiss the complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure [Doc. 11] that is now before the Court. Also before the Court are Plaintiff's motions to appoint counsel [Docs. 19, 21], motion for extension of time to file a response to the motion to dismiss [Doc. 20], and motion to file an amended complaint [Doc. 23]. For the reasons set forth below, the pending motions from both parties [Docs. 11, 19, 20, 21, 23] will be **DENIED**.

## I. EXTENSION

On June 30, 2026, Defendant filed his Motion to Dismiss the Complaint. [Doc. 11]. The Court's Local Rule allowed Plaintiff twenty-one days to respond to this dispositive motion, E.D. Tenn. L.R. 7.1(a), but Plaintiff did not do so. Instead, on August 27, 2026, which was nearly two months after Defendant filed his motion to dismiss, Plaintiff filed a motion to extend his time to respond to that dispositive motion. [Doc. 20]. In his motion for extension, Plaintiff stated that because he was in segregated confinement at the time he filed the motion for extension, he had limited access to paper and legal resources. *Id.* at 1. More specifically, Plaintiff advised that, in

segregated confinement, he had only one hour of access to legal resources per day that he had to share with three other people. *Id.* at 1. For these reasons, Plaintiff requested an additional three weeks from August 27, 2026, within which to file a response. *Id.* While more than three weeks have now passed since Plaintiff filed his motion requesting the three-week extension, he still has not filed any such response.

Although the Court recognizes that Plaintiff may have been awaiting a ruling from the Court before filing a response, even if that is the case, the Court is not inclined to grant extension of the original response deadline. While Plaintiff explained why he needed additional time to respond, which might have provided good grounds to permit the extension, he did not explain why he could not file his motion seeking an extension prior to the expiration of the original deadline. Under Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The Supreme Court has stated that the "excusable neglect" determination is an "equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Invest. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993). "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b)(1)(B) is a "somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id.* at 392. Factors to be considered when addressing a motion under Rule 6(b)(1)(B) include: "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good

faith." *Id.* The reason for the delay is the most important factor. *United States v. Munoz*, 605 F.3d 359, 372–73 (6th Cir. 2010).

As set forth above, Plaintiff does not provide any reason for why he did not file a motion requesting an extension of his response deadline prior to the expiration of the deadline. While he notes that he had limited access to legal resources and paper when he filed his motion for extension, he does not address whether he was in segregated confinement at the time his response was originally due. Even if the Court assumes that Plaintiff was in segregated confinement leading up to his response deadline, he admits that he had some access to both legal resources and the materials to file motions, although limited. There is no reason that Plaintiff could not have used those resources to timely seek an extension of the deadline, even if he might have fairly contended that the limited access prevented him from substantively responding to the motion to dismiss in a timely fashion. Under these facts, the Court cannot find that Plaintiff failed to timely seek an extension due to excusable neglect. Although Plaintiff's delay does not appear to have caused any prejudice to Defendant Bass or this proceeding, and nothing suggests that he acted in bad faith, whether there was excusable neglect is still the primary factor for the Court's consideration. Of further note, despite Plaintiff's failure to file a response, the Court is required to substantively review the motion to dismiss filed by Defendant Bass, and has found that it should be denied, meaning that denying Plaintiff the opportunity to respond will result in no prejudice to him. For all these reasons, Plaintiff's motion for extension [Doc. 20] is **DENIED**.

## II. MOTIONS TO APPOINT COUNSEL

In his motions to appoint counsel, Plaintiff states that (1) he has received Defendant's motions to dismiss; (2) the Court has set various deadlines and a trial date in this case; (3) he has exhausted his limited legal knowledge and the "limited tools" available to him for this case; (4) he "ha[s] no outside or inside help" or access to a law library of which he is aware; (5) he is in segregation and must share a kiosk with other inmates, leaving him "1/3" of an hour each day "to try to find something of help" in this case; (6) he has limited education and was in special education; (7) he has an officer willing to testify in his favor, but she is being harassed due to this lawsuit; (8) "[he] is unable to afford counsel [and] has requested leave to proceed *in forma pauperis*"; (9) "[his] imprisonment will greatly limit his ability to litigate"; (10) "[t]he issues involved in the case are complex and will require significant research and investigation"; (11) "[he] has limited access to a law library and limited knowledge of the law"; (12) this case will require investigation that Plaintiff cannot do while incarcerated; (13) he needs a lawyer for cross examination of witnesses; (14) expert testimony will likely be needed; (15) he cannot afford a lawyer; (16) he has been unable to obtain counsel; and (17) "[a] trial in this case will likely have or involve conflicting testimony [and] counsel will better enable Plaintiff to present evidence and cross examine witnesses." [Docs. 19, 21].

Appointment of counsel in a civil proceeding is not a constitutional right, but a privilege justified only in exceptional circumstances. *Lavado v. Keohane*, 992 F. 2d 601, 605–06 (6th Cir. 1993). A district court has discretion to appoint counsel for an indigent plaintiff. *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). In exercising that discretion, the district court should consider the nature of the case, whether the issues are legally or factually complex, and the plaintiff's ability to present his claims. *Lavado*, 992 F.2d at 605–06.

As to the first two factors, the Court notes that Plaintiff's complaint has survived the screening stage and he has been permitted to proceed on his claim that Defendant Bass violated his right to equal protection, which is not a complex claim. While Plaintiff states that this claim may require expert testimony and investigation that he cannot do while confined, he does not set forth any facts to support these assertions, nor is the Court aware of any such facts.

As to the third factor, it is apparent from Plaintiff's filings that he can adequately present his claim. While Plaintiff asserts that he does not have access to a legal library, it is apparent from reading Plaintiff's pending motions as a whole that he has daily access to a kiosk that provides him with legal resources, and, as the Court noted above, Plaintiff has not set forth any facts suggesting that these legal resources are inadequate. Also, Plaintiff's allegations regarding his confinement, limited knowledge, and inability to obtain counsel are not unusual for prisoner plaintiffs. Thus, while the Court is sensitive to the significant challenges faced by *pro se* litigants, Plaintiff has not established that this is an exceptional case where he is entitled to appointment of counsel, and his motions to appoint counsel [Docs. 19, 21] are **DENIED**.

## III. AMEND

Plaintiff also filed a motion to amend his complaint to correct the name of a correctional officer referenced therein. [Doc. 23]. But this request does not comply with the Court's Local Rule, which requires a party to file an entire proposed amended pleading with such a motion. E.D. Tenn. LR 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, shall, except by leave of Court, reproduce the entire pleading as amended and may not incorporate any prior pleading by reference. A failure to comply with this rule may be grounds for denial of the motion."). Accordingly, this Motion [Doc. 23] is **DENIED without prejudice**.

## IV. DISMISS

As set forth above, Defendant Bass has filed a Motion to Dismiss for Failure to State a Claim [Doc. 11] upon which relief may be granted under § 1983 pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, in support of which he also filed a memorandum. [Doc. 14]. As set forth above, Plaintiff did not file a timely response to this dispositive motion, and the Court will not allow any additional time for him to do so. Nevertheless, upon substantive review and for the reasons set forth below, Defendant Bass's Motion to Dismiss [Doc. 11] will be **DENIED**.

### A. Standard

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Alternatively, a claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* at 679. When considering a plaintiff's claims in the context of a motion to dismiss, all factual allegations in the complaint must be taken as true. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth a colorable claim that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983.

### B. Plaintiff's Allegations

As the Court previously noted, Plaintiff's complaint alleges that Defendant Bass, a staff cook in the Sullivan County Jail, made discriminatory comments about Plaintiff's practice of his religion in front of staff and inmates and refused to give Plaintiff replacement meals on Fridays during Ramadan. [Doc. 1, p. 4]. Plaintiff states that this was "cruel and unusual punishment" and

"verbal [and] mental [and] emotional abuse." *Id.* Plaintiff has sued Defendant Bass for these actions and is seeking compensatory and punitive damages. *Id.* at 1, 3, 5. In considering the motion to dismiss filed by Defendant Bass, the Court first notes that in screening the complaint, United States District Judge Varlan found that it failed to state a claim for violation of Plaintiff's First or Eighth Amendment rights but adequately alleged a violation of his right to equal protection. Doc. 7, p. 4–5.

**C. Analysis**

In his motion to dismiss, Defendant Bass asserts that (1) Plaintiff's allegation that he "merely miss[ed] a meat on Fridays for four weeks" does not allege "a real injury" [Doc. 14, p. 7–8], and (2) Plaintiff has not identified similarly situated non-Muslim inmates on a no-fish diet who were treated differently. *Id.* at 9. In considering these arguments by Defendant, the Court observes that the Sixth Circuit has stated that "racially discriminatory language 'coupled with some additional harassment...' qualifies as an equal-protection claim." *Coleman v. Kent*, No. 24-1737, 2025 WL 1768666, at *4 (6th Cir. June 26, 2025). The Sixth Circuit has further held that "a plaintiff need not allege that he or she 'was treated differently than similarly-situated members of the unprotected class if the plaintiff has alleged direct evidence of discrimination." *Id.* (internal quotation marks and citations omitted).

Plaintiff has adequately alleged that Defendant Bass both made discriminatory comments regarding Plaintiff's religion, including "if you want to be treated normal get off of Ramadan fasting," and denied Plaintiff a meal replacement on four Fridays. Accepting these allegations as true, which the Court must do at this stage in the litigation, Plaintiff has set forth a colorable claim that his right to equal protection was denied. Accordingly, Defendant Bass's motion to dismiss the complaint for failure to state a claim pursuant to Rule 12(b)(6) [Doc. 11] is **DENIED**.

## III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motions to appoint counsel [Docs. 19, 21], for extension of time to file a response to the motion to dismiss [Doc. 20], and to file an amended complaint [Doc. 23] are **DENIED**;

2. Defendant Bass's motion to dismiss the complaint for failure to state a claim pursuant to Rule 12(b)(6) [Doc. 11] is **DENIED**; and

3. Plaintiff is **ORDERED** to immediately inform the Court and Defendant Bass or his counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

SO ORDERED:

/s/Cynthia Richardson Wyrick
United States Magistrate Judge